UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

In re: Kim Ziegelmayer  
      Debtor

Chapter 7  
No. 17-11357

Charles A. Pisaturo, Jr., Trustee  
      Plaintiff

      VS.

Sunflower Real Estate, LLC;  
Kim Ziegelmayer, and Linda L. Glynn  
      Defendants

AP NO. 19-01020

### ANSWER OF DEFENDANTS, SUNFLOWER REAL ESTATE, LLC AND LINDA L. GLYNN TO COMPLAINT IN ADVERSARY PROCEEDING

Now come the Defendants in the above entitled matter and file their Answer as follows:

1. Admit

2. Admit

3. Admit

4. Admit

5. Admit

6. Admit

7. Admit

8. Admit

9. Admit

10. Admit

11. Admit

12. Defendants neither admit nor deny the allegations contained in Paragraph 12 of the Plaintiff's Complaint and leave Plaintiff to his burden of proof.

13. Admit

14. Admit

15. Admit

16. Admit

17. Admit

18. Admit

19. Admit

20. Defendants neither admit nor deny the allegations contained in Paragraph 20 of the Plaintiff's Complaint and leave Plaintiff to his burden of proof.

21. Admit

22. Admit

23. Admit

24. Defendants neither admit nor deny the allegations contained in Paragraph 24 of the Plaintiff's Complaint and leave Plaintiff to his burden of proof.

25. Admit

26. Defendants neither admit nor deny the allegations contained in Paragraph 26 of the Plaintiff's Complaint and leave Plaintiff to his burden of proof.

27. Defendants neither admit nor deny the allegations contained in Paragraph 27 of the Plaintiff's Complaint and leave Plaintiff to his burden of proof.

28. Admit

29. Admit

30. Defendants neither admit nor deny the allegations contained in Paragraph 30 of the Plaintiff's Complaint and leave Plaintiff to his burden of proof.

31. Admit

32. Admit

33. Admit

34. Defendants neither admit nor deny the allegations contained in Paragraph 34 of the Plaintiff's Complaint and leave Plaintiff to his burden of proof.

35. Defendants neither admit nor deny the allegations contained in Paragraph 35 of the Plaintiff's Complaint and leave Plaintiff to his burden of proof.

36. Defendants neither admit nor deny the allegations contained in Paragraph 36 of the Plaintiff's Complaint and leave Plaintiff to his burden of proof.

37. Admit

38. Defendants neither admit nor deny the allegations contained in Paragraph 38 of the Plaintiff's Complaint and leave Plaintiff to his burden of proof.

39. Defendants neither admit nor deny the allegations contained in Paragraph 39 of the Plaintiff's Complaint and leave Plaintiff to his burden of proof.

40. Defendants neither admit nor deny the allegations contained in Paragraph 40 of the Plaintiff's Complaint and leave Plaintiff to his burden of proof.

41. Defendants neither admit nor deny the allegations contained in Paragraph 41 of the Plaintiff's Complaint and leave Plaintiff to his burden of proof.

42. Admit

43. Admit

44. Defendants neither admit nor deny the allegations contained in Paragraph 44 of the Plaintiff's Complaint and leave Plaintiff to his burden of proof.

45. Defendants neither admit nor deny the allegations contained in Paragraph 45 of the Plaintiff's Complaint and leave Plaintiff to his burden of proof.

46. Admit

47. Defendants neither admit nor deny the allegations contained in Paragraph 47 of the Plaintiff's Complaint and leave Plaintiff to his burden of proof.

48. Admit

49. Admit

50. Admit

51. Defendants neither admit nor deny the allegations contained in Paragraph 51 of the Plaintiff's Complaint and leave Plaintiff to his burden of proof.

52. Defendants neither admit nor deny the allegations contained in Paragraph 52 of the Plaintiff's Complaint and leave Plaintiff to his burden of proof.

## COUNT I
### Declaratory Judgment, Turnover & Accounting
### (Debtor's Estate has an Equitable Interest in Sunflower)

53. Defendants repeats answers to paragraphs 1-52 of this Complaint as if fully rewritten herein.

54. Admit

55. Defendants neither admit nor deny the allegations contained in Paragraph 55 of the Plaintiff's Complaint and leave Plaintiff to his burden of proof.

56. Defendants neither admit nor deny the allegations contained in Paragraph 56 of the Plaintiff's Complaint and leave Plaintiff to his burden of proof.

57. Defendants neither admit nor deny the allegations contained in Paragraph 57 of the Plaintiff's Complaint and leave Plaintiff to his burden of proof.

58. Admit

59. Admit

60. Defendants neither admit nor deny the allegations contained in Paragraph 60 of the Plaintiff's Complaint and leave Plaintiff to his burden of proof.

61. Defendants neither admit nor deny the allegations contained in Paragraph 61 of the Plaintiff's Complaint and leave Plaintiff to his burden of proof.

62. Defendants neither admit nor deny the allegations contained in Paragraph 62 of the Plaintiff's Complaint and leave Plaintiff to his burden of proof.

63. Defendants neither admit nor deny the allegations contained in Paragraph 63 of the Plaintiff's Complaint and leave Plaintiff to his burden of proof.

### COUNT II
### (Against Defendant Glynn)

64. Defendants repeats answers to paragraphs 1-63 of this Complaint as if fully rewritten herein.

65. Defendants neither admit nor deny the allegations contained in Paragraph 65 of the Plaintiff's Complaint and leave Plaintiff to his burden of proof.

66. Defendants neither admit nor deny the allegations contained in Paragraph 66 of the Plaintiff's Complaint and leave Plaintiff to his burden of proof.

## **AFFIRMATIVE DEFENSES**

1. Accord and satisfaction

2. Assumption of the risk

3. Estoppel

4. Failure of consideration

5. Illegality

6. Laches

7. License

8. Statute of Frauds

9. Waiver

10. Failure to state a claim upon which relief may be granted.

11. Failure to name an indispensable party, Mauro Poletti.

### LINDA GLYNN'S CROSS- CLAIM AGAINST KIM ZIEGELMAYER
### (BREACH OF CONTRACT AND FRAUD IN THE INDUCEMENT)

1. In 2014 Linda Glynn formed Sunflower Real Estate, LLC. (hereinafter Sunflower) at the direction of Kim Ziegelmayer.

2. Linda Glynn was established as the sole member of Sunflower Real Estate, LLC. at the sole direction of Kim Ziegelmayer.

3. Kim Ziegelmayer knowingly represented to Linda Glynn, that Sunflower was organized for the purpose of executing Real Estate transactions for profit, and agreed that Linda Glynn would earn commission for all acquisitions and sales of Sunflower real estate.

4. Linda Glynn reasonably relied on the representations of Kim Ziegelmayer and

terminated her salaried employment to commit her time and effort to the Sunflower venture.

5. Rather than purposely pursuing real estate transactions in a business like manner as agreed, Kim Zeigelmayer intentionally used the funds of Sunflower for her personal benefit, including but not limited to utilizing Waterman Avenue as her rent free residence.

6. Kim Ziegelmayer breached her agreement to operate Sunflower as a "for profit" business and failed to pursue real estate transactions to the detriment of Linda Glynn.

7. Kim Ziegelmayer fraudulently induced Linda Glynn to forgo her regular employment and dedicate her time and effort to Sunflower to her financial detriment.

8. As a result of Kim Ziegelmayer's fraudulent inducement and breach of agreement, Linda Glynn has been harmed.

WHEREFORE, Cross Claimant seeks judgment for damages against Kimberly Ziegelmayer, court costs and reasonable attorney fees.

> Respectfully Submitted,
> LINDA GLYNN
> SUNFLOWER REAL ESTATE, LLC
> By their attorney,
>
> /s/ Stacy B. Ferrara
> Stacy B. Ferrara, Esq (#4344)
> Nolan Brunero, Cronin & Ferrara, Ltd.
> 1070 Main Street
> Coventry, RI 02816
> (401) 828-5800 (Tel)
> (401) 823-3230 (Fax)

Dated: September 13, 2019

| | |
|---|---|
| In re: Kim Ziegelmayer<br>        Debtor | Chapter 7<br>No. 17-11357 |
| Charles A. Pisaturo, Jr., Trustee<br>        Plaintiff | |
| VS. | AP NO. 19-01020 |
| Sunflower Real Estate, LLC;<br>Kim Ziegelmayer, and Linda L. Glynn<br>        Defendants | |
| Sunflower Real Estate, LLC and<br>Linda L. Glynn<br>        Third Party Plaintiff | |
| VS.<br>Mauro Poletti<br>        Third Party Defendant | |

<u>THIRD PARTY COMPLAINT OF LINDA GLYNN
AGAINST MAURO POLETTI</u>

1. Linda Glynn is a resident of the State of Rhode Island and sole member of Sunflower Real Estate, LLC.

2. Sunflower Real Estate, LLC is an entity organized and resident in the State of Rhode Island.

3. Mauro Poletti is a resident of Warwick Farm, NSW 2170, Australia.

4. This court has personal jurisdiction over Mauro Poletti as he has voluntarily subjected himself to the Jurisdiction of the State of Rhode Island.

5. The subject matter of this Third Party Complaint is a core Proceeding pursuant to 11U.S.C.§157.

6. Venue is proper in this Court pursuant to 28 U.S.C.§ 1409.

7. On or about September 26, 2017, Kim Ziegelmayer directed Linda Glynn to deliver to her a check made payable to Attorney Tudino in the amount of $34,230.58, purporting to be the remainder of the funds on hand at that time in the Sunflower bank accounts,("the Check").

8. As directed, Linda Glynn delivered the Check drawn on the Sunflower account and made payable to Attorney Joseph Tudino of Providence, to Kimberly Ziegelmayer.

9. Upon information and belief, Attorney Tudino represents Mauro Poletti.

10. Upon information and belief, the Check was delivered to Attorney Tudino and it was deposited by Attorney Tudino into a bank account in the name of the "MP Revocable Trust" for the benefit of Mauro Poletti.

11. The First Party Plaintiff Trustee is seeking turnover of the assets of Sunflower from Linda Glynn and Sunflower.

12. To the extent Third Party Plaintiff, Linda Glynn has turned over the assets of Sunflower to Mauro Poletti at the direction of Kim Ziegelmayer, Mauro Poletti is responsible for turnover of those assets to the First Party Plaintiff and//or indemnification of Linda Glynn for the amount of the check.

WHEREFORE, Third Party Plaintiff seeks judgment ordering Mauro Poletti to turnover the Sunflower Real Estate, LLC. funds in his possession to the First Party Plaintiff Trustee, or indemnify Linda Glynn should this Court order her to reimburse the First Party Plaintiff Trustee.

                                          Respectfully Submitted,

                                          LINDA GLYNN
                                          SUNFLOWER REAL ESTATE, LLC
                                          By their attorney,

                                          /s/ Stacy B. Ferrara
                                          Stacy B. Ferrara, Esq (#4344)
                                          Nolan Brunero, Cronin & Ferrara, Ltd.
                                          1070 Main Street
                                          Coventry, RI 02816
                                          (401) 828-5800 (Tel)
Dated: September 13, 2019          (401) 823-3230 (Fax)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

In re: Kim Ziegelmayer  Chapter 7
    Debtor  No. 17-11357

Charles A. Pisaturo, Jr., Trustee
    Plaintiff

VS.  :  AP NO. 19-01020

Sunflower Real Estate, LLC;
Kim Ziegelmayer, and Linda L. Glynn
    Defendants
Sunflower Real Estate, LLC and
Linda L. Glynn
    Third Party Plaintiff

VS.
Mauro Poletti
    Third Party Defendant

**CERTIFICATE OF SERVICE**

    I hereby certify that on **September 13, 2019**, I electronically filed a *Answer and Cross Claim of Defendants, Sunflower Real Estate, LLC and Linda L. Glynn to Plaintiff's Complaint and Third Party Complaint* with the Clerk of the Bankruptcy Court for the District of Rhode Island using the CM/ECF System.  The following participants have received notice electronically: **US Trustee, Charles A. Pisaturo; Peter J. Furness; and Christopher Lefebvre**; and I hereby certify that I have mailed by United States Postal Service, postage pre-paid, the document and a copy of the Notice of Electronic Filing to the following non CM/ECF participants:

Mauro Poletti
Warwick Farm
NSW 2170, Australia

                                                        /s/ *Stacy B. Ferrara*